# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL K. LILLY, | 1:08-cv-00006 OWW YNP (DLB) (HC) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. #13] |
| JAMES D. HARTLEY, Warden, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ORDER DENYING CERTIFICATE OF APPEALIBILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

In 1999, Petitioner was convicted of possession of cocaine base for purpose of sale and possession of cocaine base and was sentenced to a determinate term of twenty-one years in state prison. (Mot. to Dismiss at 1; Lodged Doc. 1). The court of Appeal, Fifth Appellate District affirmed the conviction on August 3, 2000 and the California Supreme Court summarily denied review on October 18, 2000. (Mot. to Dismiss at 2; Lodged Docs. 2, 4).

<u>State Habeas Petitions</u>

Petitioner filed his first petition for writ of habeas corpus in the Kern County Superior Court

on November 6, 2000.  (Mot. to Dismiss at 2; Lodged Doc. 5).  The petition was denied on December 19, 2000.  (Mot. to Dismiss at 2; Lodged Doc. 6).

Petitioner filed his second petition for writ of habeas corpus on June 19, 2001, with the California Supreme Court.  (Mot. to Dismiss at 2; Lodged Doc. 7).  The court denied the petition on October 31, 2001, citing to In re Waltreus, 62 Cal.2d 218 (1965) and In re Swain, 34 Cal.2d 300, 304 (1949).  (Mot. to Dismiss at 2; Lodged Doc. 8).

Federal Habeas Petitions

On December 12, 2001, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court.  (Lodged Doc. 9).   The case was captioned Lilly v. Lewis, 1:01-cv-06757-DLB.  (Id.)  The petition challenged Petitioner's May 18, 1999 conviction for possession of cocaine base for sale and possession of cocaine base.  (Id. at 2).  The petition contained one allegation; Petitioner was denied effective assistance of appellate counsel because: 1) appellate counsel failed to argue that trial counsel was ineffective when trial counsel failed to argue the search and seizure was illegal and 2) appellate counsel failed to argue that trial counsel was ineffective when trial counsel allowed "petitioner to be found guilty of a prior strike allegation."  (Id. at 8).  This Court denied the petition on May 25, 2004.  (Lodged Doc. 11).

On December 26, 2007, Petitioner filed the instant petition in this Court.  (Doc. #1).  The petition challenges Petitioner's May 18, 1999 conviction for possession of cocaine base for sale and possession of cocaine base.  (Pet. at 1).  The petition alleges the following two grounds: ground one, violations of Petitioner's Sixth and Fourteenth Amendment rights because the trial court judge sentenced Petitioner for longer than the maximum time limits set forth in the statutes for his respective crimes; and ground two, Petitioner's Sixth and Eighth Amendment rights were violated when the trial judge imposed determinate sentencing even though he had no aggravating factors on which to rely.  (Id. at 5).  On September 11, 2008, Respondent filed a motion to dismiss based on the following grounds: 1) the instant petition is a successive or second petition; 2) the instant petition was filed after the one-year limitation period had run; and 3) the instant petition contains unexhausted claims.  (Doc. #13).  Petitioner filed an opposition to the motion on October 1, 2008. (Doc. #17).  Respondent filed a reply to the opposition on October 16, 2008.  (Doc. #18).  It is

Respondent's motion to dismiss that will be considered herein.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See* Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.,* O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and

the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.  Because the arguments in the motion to dismiss are procedural in nature and because Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**III.  Limitation Period for Filing a Petition for Writ of Habeas Corpus**

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. at 117; Jeffries v. Wood, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit has held that "'§ 2244's one-year limitation period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a State Court' even if the petition challenges an administrative decision rather than a state court judgment." Eric v. Shelby, 391 F.3d 1061, 1062 (9th Cir. 2004).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  When a petitioner has sought all levels of direct review in the state court, a

U.S. District Court
E. D. California

4

judgement becomes final after completion of certiorari proceedings in the United States Supreme Court or after the expiration of the time for filing a writ of certiorari. Clay v. United States, 537 U.S. 522, 524-25, 527 (2003). After the California Supreme Court denied review, Petitioner had ninety days in which to filed a writ of certiorari. The state supreme court denied review on October 18, 2000, giving Petitioner until January 16, 2001, by which to file for a writ of certiorari with the United States Supreme Court, which he failed to do. The judgement of the state supreme court became final and the one-year limitation period began to run on January 17, 2001. Thus, absent any applicable tolling, Petitioner had to file his petition in the district court by January 16, 2002.

**IV.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d at 1247 (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

The limitation period is tolled while a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). "A state post conviction petition rejected by the state court

as untimely" cannot be considered "properly filed." <u>Id</u>.  Petitioner filed his Superior Court petition for writ of habeas corpus on February 21, 2007; which is 260 days after the one year limitation period began to run. The Superior Court denied the petition for failure to exhaust administrative remedies; citing <u>In re Dexter</u>, 25 Cal.3d 921, 925 (1979).  Failure to exhaust, however, does not mean the petition was improperly filed. Procedural deficiencies do not render a petitioner improperly filed so long as its "delivery and acceptance are in compliance with the applicable laws and rules governing filings." <u>Atruz v. Bennett</u>, 531 U.S. 4, 8 (2000).

Petitioner's first habeas petition was filed in the superior court and denied by that court before the one-year limitation period even started.  Petitioner is not entitled to tolling for the time during which his petition was in superior court.

Petitioner filed his petition with the California Supreme Court 153 days after the limitation period began to run. Respondent does not argue that the state supreme court petition was not properly filed, thus the limitation period was tolled from June 19, 2001, thru October 31, 2001 – the time during which the petition was pending in the state supreme court.  At the end of this tolling period, the new date by which Petitioner must file his federal petition was May 31, 2002.

A petitioner cannot receive tolling while his petition is pending in federal court because a federal petition it is not an "application for state post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2). <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).  The petition that Petitioner filed on December 12, 2001, was with the federal district court and therefore cannot toll the one-year limitation period.

The one-year limitation period ended on May 31, 2002. Petitioner did not file the instant petition until December 26, 2007, five an a half years after the statute of limitations had run. Petitioner did not file his federal petition within the one-year limitation period; therefore, it must be dismissed as untimely.

## CONCLUSION

The instant petition must be dismissed as untimely because it was filed outside the AEDPA's one-year limitation period.  Because the petition was so clearly untimely, we need not discuss the exhaustion or successive petition issues raised in Respondent's motion to dismiss.

**CERTIFICATE OF APPEALIBILITY**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>  (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>       (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>       (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DENIES Petitioner's

motion for certificate of appealability.

**ORDER**

It is hereby ORDERED that:

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED with prejudice; and

3) Certificate of appealibility is DENIED.

IT IS SO ORDERED.

Dated:     September 23, 2009                    /s/ Oliver W. Wanger
                                                    UNITED STATES DISTRICT JUDGE